UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAYNE STEUBING, et al,

                Plaintiffs,

   v.                                      04-cv-0280 (lead)
                                              05-cv-1506 (Lifgren v. USA)
UNITED STATES OF AMERICA,        05-cv-1507 (Fischer v. USA)
                                              05-cv-1508 (Wetsell v. USA)
                Defendant.      05-cv-1509 (Merritt v. USA)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       At the conclusion of oral argument on December 10, 2007, Plaintiffs requested that the Court reconsider its decision concerning "dignitary harm." Plaintiffs expressed concern that the Court understood them to be arguing a cause of action based on dignitary harm, rather than their claim that dignitary harm is simply a form of damages. The Court was, and is, aware of this distinction made by Plaintiffs. The Court understands that Plaintiffs claimed that Defendant committed some tortious act that should be compensable due to the "dignitary harm" caused to Plaintiffs and/or the decedents, even though there is no evidence of physical harm. Plaintiffs argue that dignitary harm alone should be compensable.

       In analyzing this Claim, the Court found it necessary to first identify a viable cause of action that would provide for damages. The Court found that, because Plaintiffs could not establish causation between Defendant's acts or omissions and the decedents' pain, injury or death, Plaintiffs failed to establish the necessary elements for traditional claims of medical malpractice, wrongful death, personal injury, or negligence. Stated otherwise, because Plaintiffs have no proof of actual damages, they cannot recover. Mizrahi v. Taic, 266 A.D.2d 59 (1st Dep't 1999) ("[A]ctual damages are an essential aspect of a negligence claim under

New York law."). New York is fairly strict in requiring proof of actual damages. Circumstances upon which recovery is permitted for purely emotional harm is limited. See Brown v. New York City Health and Hospitals Corp., 225 A.D.2d 36, 44 (2d Dep't 1996). Here, there was no proof of any actual form of harm (emotional or physical) suffered by the decedents. Similarly, Plaintiffs failed to point to any proof of actual harm (emotional or otherwise) to themselves.

Plaintiffs did not assert any intentional torts. The Court, therefore, focused on claims for the negligent infliction of emotional distress. The Court did so because harm to one's dignity is akin to emotional distress. The Court went through an analysis of whether Plaintiffs could recover under a negligent infliction of emotional distress theory and, for reasons stated from the bench on December 10, 2007, concluded that they could not.

Accordingly, the Court adheres to its decision rendered from the bench. For the reasons stated from the bench and as stated above, Defendant's motion for summary judgment is GRANTED and the Complaints in each of these consolidated cases are DISMISSED.

Dated: January 14, 2008

Thomas J. McAvoy
Senior, U.S. District Judge